UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-137-FDW

| | |
|---|---|
| DAVID ALLEN CARTER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>NORA HUNT, Superintendent, )<br>Columbus Correctional )<br>Institution. )<br>)<br>Respondent. )<br>_____) | ORDER |

**THIS MATTER** is before the Court on consideration of Respondent's motion for summary judgment on the claims presented by Petitioner in his pro se petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, Respondent's motion will be granted and Petitioner's Section 2254 petition will be denied and dismissed.

## I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who was convicted in Iredell County Superior Court on two counts of first-degree sexual offense for which he was sentenced to consecutive terms of 192 to 240 months' imprisonment and his projected release date is May 16, 2042. On appeal to the North Carolina Court of Appeals, the court summarized the evidence presented at trial:

<ins>1. State's Evidence</ins>

Vanessa,[1] who is Defendant's step-daughter, was born on 19
April 2000. When Vanessa asked to use the family's home
computer in June 2008, Defendant had her go into the bathroom,

---
[1] The court used a pseudonym to protect the identity of the minor child.

1

where he made her pull down her pants. At that point, Defendant
stuck his "doodle" in or on her bottom, which was where her
"poop" came out, and made her "suck" on his "doodle." According
to Vanessa, similar incidents had occurred on other occasions.
Vanessa claimed that Defendant made her suck on his "doodle" at

---

1 Vanessa is a pseudonym that will be used throughout this
opinion for the purpose of protecting the complainant's privacy
and for ease of reading.

---

least "one day each month." Vanessa had accused Defendant of
engaging in similar behavior a year earlier, when the family
lived in South Carolina.

On 4 August 2008, Vanessa told her mother that Defendant
was doing things to her, including putting his "'doodle' on her
bum." Eight days later, Vanessa's mother telephoned Sergeant
Todd Marcum of the Mooresville Police Department to report
Vanessa's allegations. On 14 August 2008, Sergeant Marcum
interviewed Defendant, who denied having engaged in any
improper behavior with Vanessa. On the same date, Vanessa told
Captain Julie Gibson of the Iredell County Sheriff's Department
that Defendant had put his penis in her "butt" 50 times. In certain
pictures that she drew during this interview, Vanessa depicted
Defendant as putting his "doodle" in her bottom and mouth.

Tammy Carroll, a sexual assault nurse examiner at Iredell
Memorial Hospital, noted a small anal fissure, which is a tear
or an erosion of skin caused by trauma, while examining Vanessa.
According to Ms. Carroll, a penis "inside a butt crack or . . .
on butt cheeks," "constipation," "a large amount of diarrhea,"
or "any type of other trauma" could cause an anal fissure.

2. Defendant's Evidence

On the day prior to the earlier occasion on which Vanessa
had accused Defendant of molesting her, Vanessa was upset about
being punished for wandering too far from home. When asked
about her allegations against Defendant on the following day,
Vanessa said that she "didn't really mean that" and acknowledged
that she was "just angry [and] . . . upset." Similarly, Vanessa
threw a "complete tantrum" on 4 August 2010 because a family
trip to an amusement park in Charlotte was cut short due to
inclement weather. Vanessa had seen Defendant and her mother
having sex and watching adult television and had been caught
looking at adult magazines. Vanessa's mother claimed that

> Vanessa was not being "truthful" or "very honest" when she
> accused Defendant of sexually abusing her.

State v. Carter, 216 718 S.E.2d 687 (N.C. Ct. App. 2011).

Petitioner presented several claims this appeal challenging certain rulings of the trial court: (1) error in denying Petitioner's motion to dismiss the charge of first-degree sexual offense that was charged in Case No. 08CRS57286, because the State failed to present sufficient evidence of anal penetration; (2) error in excluding testimony from social worker Erica Stivenson that the victim was "overly dramatic," "manipulative," and "attention seeking;"; (3) error in referring to Vanessa as the victim in the instructions given to the jury; and (4) error in not ordering Vanessa to undergo an independent psychological evaluation prior to trial. The court of appeals rejected each of these claims. However the court found that Vanessa's statements that Petitioner had inserted his penis "on" or "between" her "butt cheeks" or that Petitioner "pressed against" her anus with his penis supported an inference that Petitioner may have only attempted to insert his penis into her anus rather than to commit actual penetration. Consequently, as the court reasoned, the trial court erred in failing to submit an instruction for the lesser included offense of attempted first-degree sex offense and the court reversed for a new trial in Case No. 08CRS57286.

The Supreme Court of North Carolina disagreed and reversed the court of appeals decision to vacate this conviction. The Court found that "[i]t is not necessary to engage in a discussion of whether an instruction on attempt should have been provided because defendant failed to show that any such error was prejudicial. Even if we were to agree with defendant that there is an inconsistency in the victim's testimony regarding whether defendant placed his penis 'on' or 'in' her anus, defendant still fails to meet his burden" to demonstrate that there was a

"probable impact" on the verdict of guilty. State v. Carter, 739 S.E.2d 548, 551-52 (N.C. 2013). The Supreme Court therefore reversed the court of appeals decision to vacate his conviction and the trial court's judgment was allowed to stand.

This federal habeas proceeding follows. Respondent has filed a motion for summary judgment to which Petitioner has responded and Petitioner's contentions will be addressed below.

## II. STANDARD OF REVIEW

### A. Summary Judgment

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

### B. Section 2254

In addition to the motion for summary judgment standard set forth above, this Court must also consider the requirements set forth in 28 U.S.C. § 2254, which provides in relevant part, that an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree. . ." Young v. Catoe, 205 F.3d 750, 755 n.2 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)). A state court's adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F.3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)) (citations and internal quotation marks omitted).

### III. DISCUSSION

#### A. Ground One

Petitioner first contends that the trial court erred in denying his motion to dismiss the

5

charge of first-degree sexual offense by anal intercourse that was charged in Case No. 08CRS57286, based on his argument that the State presented insufficient evidence of anal penetration. (Doc. No. 1 at 5). The standard of review on federal habeas review for a claim that there was insufficient evidence is "whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could find the essential elements of the crime beyond a reasonable doubt." See Wright v. West, 505 U.S. 277, 283-84 (1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).

After considering the record in this matter, and the opinion of the court of appeals, the Court finds that that this adjudication on the merits did not result in a decision that violated the foregoing Supreme Court precedent, nor is the decision susceptible to federal habeas relief because there was not an unreasonable misapplication of the facts. 28 U.S.C. § 2254(d)(1) and (d)(2). Accordingly, this claim for relief will be denied.

B.  Ground Two

In his second claim, Petitioner argues that the trial court erred in failing to instruct the jury on the charge of attempted first-degree sexual offense. (Doc. No. 1 at 7). This argument was presented to the court of appeals on direct appeal and Petitioner prevailed, and the court ordered that his conviction should be vacated and remanded for a new trial in Case No. 08CRS 57286. The Supreme Court of North Carolina found that this conclusion was erroneous and reversed the court of appeals in a unanimous decision after finding that the court of appeals erred in its application of the plain error standard.[2] The Court held that:

---

[2] The court of appeals applied the plain error standard, even if erroneously, because his trial counsel did not make a request for this instruction on attempted first-degree sexual offense. Carter, 718 S.E.2d at 697-98; Carter, 739 S.E.2d at 551-52.

> For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.

Carter, 739 S.E.2d at 551.

This Court finds that the state court's holding on this issue does not entitle Petitioner to federal habeas relief. As Respondent notes, the United States Supreme Court has not recognized that there is a federal constitutional right to have an instruction on a lesser-included offense. See Beck v. Alabama, 447 U.S. 625, 638 n.14 (1980) (deliberately declining to consider whether the Constitution requires a lesser included offense instruction in a nondeath penalty context); see also Robinson v. North Carolina Atty. Gen., 238 F.3d 414 (4th Cir. 2000) (unpublished table decision) (citing Beck v. Alabama and noting that after examining other Circuit opinions, there was no apparent consensus on this issue). Accordingly, as there is no Supreme Court precedent on this issue, Petitioner cannot obtain federal habeas relief because to do so would result in the retroactive application of a new rule of constitutional law which is prohibited by the rule in Teague v. Lane, 489 U.S. 288 (1989). Robinson, 238 F.3d at 414 (citing Teague and Jones v. Hoffman, 86 F.3d 46, 48 (2d Cir. 1996) (a lesser-included offense claim is barred by the rule in Teague).

For the foregoing reasons, the Court finds that Petitioner's claim here should be denied.

C. Ground Three

In this claim, Petitioner contends that the trial court erred in limiting the testimony of social worker Erica Stivenson regarding statements Vanessa made to her during her evaluation and in overruling certain objections raised by Petitioner to her testimony during cross-examination at trial. The trial court held a pretrial hearing on the State's motion to suppress certain statements that Vanessa made to Ms. Stivenson and ruled as inadmissible certain statements and limited other statements for consideration only as potentially corrobative of other testimony. Respondent argues that this claim is procedurally barred because Petitioner made only a brief assertion of this claim on direct appeal and therefore failed to sufficiently present this issue for the State court's consideration. (Doc. No. 7: Respondent's Memo. at 16).

On appeal, Petitioner argued the trial court should have allowed Ms. Stivenson to testify that during her therapy sessions, she perceived that Vanessa appeared "overly dramatic," "manipulative," and displayed "attention seeking behavior." In his brief on direct appeal, Petitioner argued that this testimony should be allowed because it tended to corroborate the testimony of Vanessa's mother that Vanessa was "manipulative" and "attention seeking." Carter, 718 S.E.2d at 459-60. The court of appeals rejected this argument after concluding that Petitioner had violated the North Carolina Rules of Appellate procedure by failing to identify any federal legal authority to support his argument for admissibility. Id. at 459 (citing N.C. R. App. P. 28(b)(6) and Dunton v. Ayscue, 690 S.E.2d 752, 755 (N.C. Ct. App. 2010)).

The Court finds that Petitioner has indeed procedurally defaulted this claim for failing to present authority on direct appeal to support his argument regarding violations of the federal constitution. In a federal habeas proceeding, a district court "shall" not grant the writ of habeas

corpus unless the record demonstrates that the petitioner has exhausted his available remedies in state court. See § 2254(b)(1)(A). The failure to properly exhaust a claim leads to procedural default of the claim. "State courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued confinement for a state conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." O'Sullivan v. Boerckel, 526 U.S.838, 844 (1999). As the Court explained, "[t]his rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[lines]'of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." Id. at 845 (internal citations omitted).

Before the State appellate court, Petitioner blankly contends that the trial court erred in limiting the testimony regarding Ms. Stivenson's impressions of Vanessa – that she was "overdramatic," "manipulative," and displayed "attention seeking behavior" – and that this violated his rights under Sixth and Fourteenth Amendments to the U.S. Constitution. The court of appeals found that this bare-boned assertion of the violation of a federal constitution right failed to fairly present the claim and it was therefore deemed abandoned. Carter, 718 S.E.2d at 459.[3] See Chambers v. McCaughtry, 264 F.3d 732, 738 (7th Cir. 2001) ("Fair presentment requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court.") (quoting Rodriguez v. Scillia, 193 F.3d 913, 916 (7th Cir. 1999)). "This requirement recognizes the state court's duty to enforce federal

---

[3] Because the State court of appeals deemed his federal constitutional claims abandoned, they resolved Petitioner's challenge to the trial court's ruling on Ms. Stivenson's testimony exclusively on state law grounds and the State court's ruling on state law matters is not cognizable on federal habeas review.

9

law and ensures that they have had a meaningful opportunity to correct federal constitutional violations." Boerckel, 526 U.S. at 843; Coleman v. Thompson, 501 U.S. 722, 731 (1991)).

In Boerckel, the Court raised this question: "What state remedies must a habeas petitioner invoke to satisfy the federal exhaustion requirement." Id. at 842-843 (citing Castille v. Peoples, 489 U.S. 346, 349-50 (1989); Wainwright v. Sykes, 433 U.S. 72, 78 (1977)). In answering this question, the Court found that a petitioner must present the claim as provided for under the relevant state law, which of course in the instant case, was on direct appeal. In Petitioner's case, the North Carolina court of appeals found that because he had failed to properly support the argument it was deemed abandoned.

The Court finds that as Petitioner failed to properly present this argument on direct appeal that he should be precluded from presenting the claim on federal habeas review. In sum, Petitioner has procedurally defaulted this claim and it will be dismissed.

D. Ground Four

Petitioner here argues that the trial court erred in referring to Vanessa as a victim in its charge to the jury. (Doc. No. 1 at 10). Petitioner presented this claim on direct appeal and the court of appeals denied the claim. The court noted that Petitioner had not objected to the trial court's actions during the charge to the jury, therefore the court examined the argument under a plain error standard which under North Carolina requires the defendant to demonstrate "(1) that a different result probably would have been reached but for the error or (2) that the error was so fundamental as to result in a miscarriage of justice." Carter, 718 S.E.2d at 698 (internal citation omitted).[4]

---

[4] The Court notes that Petitioner has offered no specific legal authority to support his claim of

For the reasons previously stated, the Court finds that this claim too is procedurally barred because Petitioner made only a bare-boned allegation that his federal constitutional rights were violated and he presents no federal legal authority in his § 2254 petition or in his reply to Respondent's motion for summary judgment. Accordingly, this claim will be dismissed.[5]

E.  Fifth Ground

In his final claim for relief, Petitioner renews his argument that the trial court erred in denying his pretrial motion to subject Vanessa to an independent psychological evaluation. (Doc. No. 1 at 15). The court of appeals rejected this argument after concluding,

> Defendant contends that the trial court erred by denying his pre-trial motion for an independent psychological evaluation of Vanessa. Defendant's argument lacks merit. On 10 May 2010, Defendant filed a motion seeking an independent psychological and medical examination of Vanessa. Defendant sought the requested examination for the purpose of determining whether Vanessa understood that her statements would be used to prosecute the Defendant and whether a reactive attachment disorder might have affected Vanessa's ability to know what she was doing when she made her accusations against Defendant. <u>The trial court denied Defendant's motion. In his brief, Defendant candidly concedes that the trial court's ruling was consistent with existing North Carolina law.</u> *State v. Horn*, 337 N.C. 449, 451-52, 446 S.E.2d 52, 53 (1994). Even so, Defendant contends that the trial court's ruling violated his federal and state constitutional rights to present a defense and to due process. Defendant has not, however, advanced any specific argument or cited any authority in support of this contention. As a result, Defendant is not entitled to appellate relief based on the denial of this motion.

---

trial court error in this federal habeas proceeding. Moreover, Petitioner has not raised a claim of ineffective assistance of counsel in an effort to obtain federal habeas relief.

[5] The Court notes that in any event, Petitioner's third and fourth claims are without merit as there is no conceivable reason to support a finding that that his federal due process rights were violated. Petitioner's appellate counsel argued in the alternative that he received ineffective assistance of counsel, however so such claim was pled by Petitioner in this federal habeas action.

Carter, 718 S.E.2d. at 697 (emphasis added).

As the court of appeals observed, the trial court was applying North Carolina law when it denied the pretrial motion for an independent psychological evaluation and because Petitioner provided a formulaic recitation that his federal constitutional rights were violated on direct appeal, the court declined to consider the issue under federal law.

For the reasons set forth herein, the Court finds that this claim is likewise procedurally defaulted, and again, Petitioner presents no Supreme Court precedent on this issue and it will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Petitioner has failed to present any meritorious claims for relief and Respondent's motion for summary judgment will be granted.

**IT IS, THEREFORE ORDERED** that Respondent's motion for summary judgment is **GRANTED**. (Doc. No. 5).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of

the denial of a constitutional right).

The Clerk of Court is directed to terminate this civil case.

**IT IS SO ORDERED.**

Signed: September 30, 2014

Frank D. Whitney
Chief United States District Judge